IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD W. FELDMAN, | )<br>) |
| Plaintiff, | ) No. 3:11-CV-0823<br>) JUDGE HAYNES |
| v. | )<br>) |
| TENNESSEE BOARD OF MEDICAL<br>EXAMINERS, et. al. | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Plaintiff, Richard W. Feldman, filed this action under 28 U.S.C. § 1331, the federal question statute against the Defendants: the Tennessee Board of Medical Examiners and the Tennessee Department of Health, Division of Health Related Boards. Plaintiff, who practiced under the name "Doctors Diet Program", asserts claims arising out of disciplinary actions against him by the Defendants. The Defendants cited Plaintiff for false and misleading advertisements about his weight reduction and cosmetic treatment called "mesotherapy". After administrative and state judicial proceedings, the Defendants revoked Plaintiff's medical license and assessed civil penalties as well as costs against him. Plaintiff seeks damages and injunctive relief.

Before the Court is Defendants' motion to dismiss (Docket Entry No. 19), contending, in sum: (1) that Plaintiff action arises under 42 U.S.C. § 1983 and the Eleventh Amendment bars Plaintiff's claims against state agencies under that statute; and (2) that as a matter of law, the Defendants are state agencies rendering the State is the Defendant and the State is not a "person" that can be sued under Section 1983. In response (Docket Entry No. 28), Plaintiff contends, in essence: (1) that decisions, such as Monell v. Dept. of Soc. Serv. of the City of New York, 436

1

U.S. 658 (1978) and Deaton v. Montgomery County, 989 F.2d 885, 889 (6th Cir. 1993) allow Section 1983 actions against governmental entities and (2) that his Fifth Amendment claims were not addressed in the state proceedings, and are therefore not barred by the doctrine of claim preclusion. In their reply (Docket Entry No. 31), the Defendants raise additional grounds of claim preclusion and the Rooker-Feldman doctrine, as barring Plaintiff's action.

The Court agrees that this action asserting federal constitutional claims against state conduct arises under Section 1983. Under the Eleventh Amendment, a state agency, as an agency of the State, is not a "person" that can be sued in a Section 1983 action. Alabama v. Pugh, 438 U. S. 781, 782 (1978). ("[t]here can be no doubt, however, that suit against the State **and its Board of Corrections** is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.")(emphasis added). As a matter of statutory construction, state agencies are not persons within the meaning of Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989). Here, Plaintiff asserts Section 1983 against Tennessee state agencies. Because these Defendants are state agencies, they are not "persons" that can be sued in a Section 1983 action. The decisions cited by the Defendant involve local governmental entities.

Accordingly, Defendants' motion to dismiss (Docket Entry No. 19) is **GRANTED**. This action is **DISMISSED with prejudice**. Plaintiff's motions to stay (Docket Entry Nos. 5 and 7) are **DENIED as moot**.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 22nd day of May, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge

2